IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Christine M. Arguello

Civil Action No. 22-cv-01615-CMA-MDB

PLAINS DEDICATED FINANCE LLC, *a/k/a* Norman Williams,

    Plaintiff,

v.

PETERBILT MOTORS COMPANY, a division of PACCAR Inc., and
CUMMINS, INC.,

    Defendants.

---

## ORDER DENYING MOTION FOR LEAVE TO AMEND COMPLAINT

---

This matter is before the Court on Plaintiff's Motion for Leave to File Amended Complaint. (Doc. # 34.) For the following reasons, the Motion is denied.

### I.    BACKGROUND

The factual and procedural background of this case has been set forth in detail in prior orders. *See* (Doc. # 32, 33.) Accordingly, the Court will reiterate only the facts necessary to address the instant Motion.

This action arises from Plaintiff's purchase of an allegedly defective "new 2022 Peterbilt 389 truck" ("Subject Vehicle"). (Doc. # 3 at ¶ 5.) Plaintiff alleges that the Subject Vehicle was covered by a "1 (one) year / 100,000 mile Peterbilt chassis warranty" and a "3 (three) year / 300,000 mile Cummins engine warranty." (*Id.* at ¶ 6.) In the original Complaint, Plaintiff asserted three claims against Defendants Peterbilt Motor

Company ("PACCAR") and Cummins, Inc. ("Cummins"): (1) breach of factory warranty; (2) breach of the Magnusson-Moss Warranty Act; and (3) breach of implied warranty.

Defendants PACCAR and Cummins each filed a motion to dismiss the Complaint for failure to state a claim for which relief can be granted. (Docs. ## 10, 28.) The Court referred the motions to United States Magistrate Judge Maritza Dominguez Braswell, who issued her Recommendation on December 19, 2022, after Plaintiff failed to respond and the time in which to do so expired. (Doc. # 32 at 1.) Judge Dominguez Braswell recommended the Court grant the motions to dismiss and dismiss Plaintiff's second and third claims for relief with prejudice because those claims failed as a matter of law. (*Id.* at 9, 12.) She also recommended the Court dismiss Plaintiff's first claim for breach of factory warranty; however, she recommended that the dismissal be *without* prejudice because Plaintiff could conceivably amend the Complaint to plead factual allegations sufficient to demonstrate that Defendants breached the express warranties. (*Id.* at 15.)

Plaintiff did not file an Objection to the Recommendation, and this Court entered an Order affirming and adopting the Recommendation on January 5, 2023. (Doc. # 33.) With respect to Plaintiff's first claim for breach of express warranty, the Court advised that Plaintiff "shall have twenty-one (21) days from the date of this Order to file a motion for leave to amend, together with a proposed complaint correcting the pleading deficiencies identified in the Recommendation, otherwise its first claim for breach of an express warranty will be dismissed with prejudice." (*Id.* at 3.)

Plaintiff filed the instant Motion for Leave to Amend Complaint, together with a proposed amended complaint, on January 26, 2023. (Doc. # 34.) Defendants PACCAR and Cummins each filed a response opposing the Motion on the basis that the proposed amended complaint still fails to sufficiently state a claim for breach of factory warranty. (Docs. ## 35, 38.) Accordingly, Defendants assert that amendment would be futile and that the case should be dismissed with prejudice. The Court agrees with Defendants.

## II.   LEGAL STANDARD

Under Rule 15(a) of the Federal Rules of Civil Procedure, a court should allow a party to amend its pleadings "when justice so requires." Fed. R. Civ. P. 15(a). The decision to grant or deny an opportunity to amend is within the Court's discretion, but an "outright refusal to grant the leave without any justifying reason" is an abuse of discretion. *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). Proposed amendments are futile when the amended complaint "would be subject to dismissal for any reason." *Watson ex rel. Watson v. Beckel*, 242 F.3d 1237, 1239–40 (10th Cir. 2001). "The futility question is functionally equivalent to the question whether a complaint may be dismissed for failure to state a claim" pursuant to Fed. R. Civ. P. 12(b)(6). *Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999).

### III. DISCUSSION

To state a claim for breach of express warranty, a plaintiff must allege (1) the existence of a warranty; (2) a breach of that warranty; (3) that the breach proximately caused damages; and (4) that defendant received timely notice of the breach. *Scott v. Honeywell Int'l Inc.*, No. 14-cv-00157-PAB-MJW, 2015 WL 1517527, at *3 (D. Colo. Mar. 30, 2015) (citing *Palmer v. A.H. Robbins Co.*, 684 P.2d 187 (Colo. 1984)). In the case of a warranty that limits a buyer's remedies to repair or replacement of a defective part, a plaintiff must show "that the product was defective, that 'defendants had an opportunity to repair or replace the defects, that they were unable to do so, and that their inability to effectively repair or replace substantially affected the value of the product' to plaintiff's detriment." *Id.* at *6 (quoting *Cooley v. Big Horn Harvestore Systems, Inc.*, 813 P.2d 736, 743 n.7 (Colo. 1991)).

In her Recommendation, Judge Dominguez Braswell found that Plaintiff's allegations in support of the express warranty claim were "somewhat vague." (Doc. # 32 at 13.) Plaintiff alleged that the Subject Vehicle was "defective in materials and workmanship" at the time of purchase and described the defects as "transmission [makes] noise despite numerous repair attempts, loud pop heard when driver went to high side, shifter will not go to high side, front steer brakes squealing, driveline out of alignment, vehicle rides very rough, vibration in vehicle, and noise at idle." (Doc. # 3 at ¶ 9.) Plaintiff also alleged that the Subject Vehicle was returned to authorized dealerships to repair the defects on at least four separate occasions. (*Id.*) However, Plaintiff did not explain why or how the Subject Vehicle continued to be in disrepair at the time of the

4

Complaint or the exact extent to which any disrepair impacted the value of the Subject Vehicle. (Doc. # 32 at 13.) Moreover, Plaintiff's allegations provided only "a broad description of an issue, without establishing that a part covered by a warranty—and if so, whose warranty—is the culprit."[1] (*Id.* at 14.) It was also unclear whether or not any defect had been repaired before Plaintiff filed the Complaint. (*Id.*) Accordingly, although Judge Dominguez Braswell acknowledged that Plaintiff "does make claims about certain specific parts," such as the transmission, she found that the allegations were insufficient to show a breach of express warranty by either Defendant. (*Id.*)

In the instant Motion for Leave to File Amended Complaint, Plaintiff asserts, without any supporting analysis, that the attached proposed amended complaint "corrects the pleading deficiencies identified in the Recommendation." (Doc. # 34 at 1.) Plaintiff added the following factual allegations to the amended complaint in a newly inserted paragraph 22:

> In September 2021, The Plaintiff took the truck to Peterbilt in Albuquerque, NM concerning the noise coming from the engine. Peterbilt thought that it was the clutch. The Truck was there for 14 days however, the noise still existed.
>
> In October 2021, the Plaintiff took the truck to TGL Peterbilt in Charlotte, NC. The dealership thought that the noise was coming from the transmission. After 21 day [sic], the Plaintiff picked up the truck and the noise still existed.
>
> From December 2021-March 2022, The Truck was back at the shop. The dealership found that the driveline to out of [sic] alignment from the

---

[1] Plaintiff did not include a copy of either warranty with the Complaint. Nevertheless, Judge Dominguez Braswell considered the warranties because Defendants attached the warranties as exhibits to their Motions to Dismiss and because the warranties were referenced in Plaintiff's Complaint and central to the claims. (Doc. # 32 at 2 n.3.)

> factory. It was putting to [sic] much pressure on the backbox of the transmission. The dealership rebuilt it. After 2 weeks, the transmission/truck was making the noise again from the noise again [sic].
>
> In June of 2022, the Truck had to have the alternator replaced.
>
> In July of 2022, the splitter synthesizer transmission went out. The dealership would not cover this under the warranty. Plaintiff had to pay 2100,00 out of pocket.
>
> In September of 2022, the Truck had a massive oil leak. The Plaintiff took the Truck to Cummins in Joplin, Mo. The main seal in the front of the truck [sic]. Cummins replaced seal plugs, o rings, turbocharge actuator, and gaskets.
>
> As a result of the actions set forth above, Defendants Peterbilt and Cummins have breached the Warranties.

(Doc. # 34-1 at ¶ 22.)

Upon carefully reviewing these new allegations in the proposed amended complaint, the Court finds that Plaintiff still has not corrected the pleading deficiencies identified by Judge Dominguez Braswell. Significantly, the new allegations continue to describe the alleged defects in broad terms and provide no clarity as to if the dealerships were able to resolve any of the defects prior to the filing of this lawsuit. The proposed amended complaint also entirely fails to address the language and terms of either warranty or identify whose warranty "is the culprit" of any alleged defects. (Doc. # 32 at 14.) Stated differently, there are simply no non-conclusory factual allegations demonstrating with particularity that any alleged defect is expressly covered by either warranty.

Further, it appears to the Court that the new factual allegations do not show a breach of an express warranty at all. Rather, the new allegations demonstrate that

Plaintiff returned the Subject Vehicle to authorized dealerships for multiple different repairs and that the dealerships undertook efforts to make those repairs (although it remains unclear which, if any, of these repairs were covered under either warranty). For example, Plaintiff alleges that Defendant Cummins performed work such as replacing "seal plugs, o rings, turbocharge actuator, and gaskets." (Doc. # 34-1 at ¶ 22.) Plaintiff does not allege that these repairs were inadequate or that they failed to resolve the alleged defect. Plaintiff also still does not allege that any defect continued to exist at the time that Plaintiff initiated this lawsuit.

Because Plaintiff's proposed amended complaint fails to address any of the pleading deficiencies identified in Judge Dominguez Braswell's Recommendation, the Court finds that granting Plaintiff leave to amend would be futile. *See, e.g.*, *Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 521 F.3d 1278, 1288 (10th Cir. 2008) ("A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." (citations and internal quotation marks omitted)). The proposed amended complaint does not allege with sufficient particularity several of the elements of the breach of express warranty claim, including that any of these "defects" constituted warrantable failures under either the Peterbilt or Cummins warranty or that PACCAR and Cummins were given opportunity to repair or replace the claimed defects but were unable to do so. Further, the Court finds that dismissal with prejudice of Plaintiff's breach of express warranty claim is appropriate, particularly given that Plaintiff was already given opportunity to propose an amended complaint with full notice of the pleading deficiencies that needed to be addressed. *See Brereton v. Bountiful City Corp.*,

7

434 F.3d 1213, 1219 (10th Cir. 2006) ("A dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile."); *see also Frank*, 3 F.3d at 1365 (observing that a court may exercise its discretion to deny a motion for leave to amend upon a showing of "failure to cure deficiencies by previously allowed amendments" or "futility of the amendment").

### IV.     CONCLUSION

For the foregoing reasons, it is ORDERED as follows:

- Plaintiff's Motion for Leave to File Amended Complaint (Doc. # 34) is DENIED; and

- Plaintiff's remaining claim for breach of express warranty is DISMISSED WITH PREJUDICE for failure to state a claim for which relief may be granted.

The Clerk of Court is directed to close this case.

DATED:  March 1, 2023

                                              BY THE COURT:

                                              CHRISTINE M. ARGUELLO
                                              Senior United States District Judge